

**FILED**
**JANUARY 23, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAFFNER, as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 HEALTH & WELFARE FUND and as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> CIONI EXCAVATING, INC., <br><br> Defendant. | Case No. <br><br> **08 C 510** <br><br> **JUDGE SHADUR** <br> **MAGISTRATE JUDGE VALDEZ** |

## COMPLAINT

1. This is an action pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3) to collect delinquent employee benefit fund contributions.

*Parties*

2. The Chauffeurs, Teamsters & Helpers Local Union No. 301 Health & Welfare Fund ("Health & Welfare Fund") and the Chauffeurs, Teamsters & Helpers Local Union No. 301 Pension Fund ("Pension Fund"), referred to collectively as the "Funds," are employee benefit trusts and plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

3. Plaintiff Michael Haffner is a fiduciary and trustee of the Health & Welfare Fund and of the Pension Fund as well. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations which ERISA imposes upon employers.

4. Defendant Cioni Excavating, Inc. ("Cioni") is an Illinois corporation conducting

business within this judicial district. Cioni also is an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

*Jurisdiction and Venue*

5.  This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

6.  Venue in this Court is conferred by 29 U.S.C. § 1132(e)(2), as this judicial district is where the Funds are administered and where the events underlying this complaint occurred.

*Specific Allegations*

7.  Cioni and Teamsters Local 301 are parties to a collective bargaining agreement effective May 1, 2001 ("Agreement"). Copies of the relevant portions of the Agreement are attached hereto within Exhibit 1.

8.  The Agreement obligates Cioni to make timely contributions to the Funds on behalf of individuals performing work covered by the Agreement. In the event that a payment is delinquent to either or both of the Funds, the Agreement provides that Cioni shall be obligated to pay liquidated damages equal to ten percent of the delinquent amount as well as attorney fees and court costs.

9.  Although individuals did engage in covered work on Cioni's behalf during the months of November, 2006 through January, 2007, and for the months April through November 2007, Cioni has failed to pay all contributions owed to the Pension Fund for those months and owes the Pension Fund $10,069.50 for those months.

10. Although individuals did engage in covered work on Cioni's behalf for the months April through November 2007, Cioni has failed to pay all contributions owed to the Health and Welfare Fund for those months and owes the Health and Welfare Fund $11,016.00 for those months.

11.     Pursuant to the Agreement, Cioni is obligated to make available to the Funds payroll and other employment records necessary to determine that the correct amount of contributions required under the Agreement has been paid.

12.     Pursuant to the Agreement, the Funds' trust agreements (incorporated by reference in the Agreement), and 29 U.S.C. §1132(g)(2), the Funds are entitled to the unpaid contributions as well as liquidated damages and interest for the months specified in paragraphs 10 and 11 above.

13.     Pursuant to the Funds' trust agreements and 29 U.S.C. §1132(g)(2)(C), the Funds are also entitled to recover their attorneys' fees and costs due to Cioni's failure to pay the contributions due and owing the Funds.

WHEREFORE, Plaintiff requests that the Court issue an order against Defendant Cioni granting the following relief:

A. a judgment on behalf of the Health & Welfare Fund for the delinquent contributions and liquidated damages owed pursuant to the Agreement and trust agreements for the period of time from months April through November 2007 and for such amounts as become due during the pendency of this proceeding;

B. a judgment on behalf of the Pension Fund for the delinquent contributions and liquidated damages owed pursuant to the Agreement and trust agreements for the months of November, 2006 through January, 2007, and for the months April through November 2007 and for such amounts as become due during the pendency of this proceeding;

C. a judgment on behalf of Plaintiff finding Cioni liable for interest on the delinquent contributions pursuant to 29 U.S.C. Section 1132 (g)(2)(B);

D. a judgment on behalf of Plaintiff for reasonable attorneys' fees and costs incurred by the

Funds in bringing this action;

E. an order directing Cioni to submit remittance reports and payroll records showing the amounts of contributions due and owing for the period of time from October 1, 2007 through the date of entry of judgment; and

F. such other and further relief as by the Court may be deemed just and equitable.

          Respectfully submitted,

          s/Martin P. Barr
          Martin P. Barr

          s/William A. Widmer, III
          Attorneys for Plaintiffs

CARMELL CHARONE WIDMER
  MOSS & BARR
230 West Monroe, Suite 1900
Chicago, Illinois 60606
(312) 236-8033

Dated: January 23, 2008